IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-446-D

| | |
|---|---|
| THOMAS JACKSON and<br>RICHARD GREGERSON,<br><br>        Plaintiffs,<br>v.<br><br>FKI LOGISTEX; INDUSTRY GENERAL<br>CORPORATION; and ARCHER WESTERN<br>CONTRACTORS, LTD.;<br><br>        Defendants. | **ORDER** |

Plaintiffs Thomas Jackson and Richard Gregerson ("plaintiffs") sued defendants FKI Logistex ("FKI"), Industry General Corporation ("Industry General"), and Archer Western Contractors, Ltd. ("Archer"), for race discrimination in connection with plaintiffs' employment. Plaintiffs seek relief in count one under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and Executive Order 11,246. Plaintiffs seek relief in count two under North Carolina law for defendants' alleged negligent supervision and retention. Defendant Archer and defendants FKI and Industry General each filed a motion to dismiss for failure to state a claim upon which relief can be granted [D.E. 22, 24]. Plaintiffs responded [D.E. 31, 33], and defendants replied [D.E. 37, 38].

As explained below, count one is dismissed to the extent that it relies on Executive Order 11,246, and count two is dismissed. These claims fail to state a claim upon which relief can be granted. Thus, the sole remaining claims in this action are plaintiffs' claims against defendants in count one under Title VII and 42 U.S.C. § 1981.

I.

The court has considered the motions to dismiss under the governing standard. See, e.g., Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1968–70 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Under that standard, the court accepts the complaint's factual allegations as true, but need not accept the legal conclusions drawn from the facts. See Giarratano, 521 F.3d at 302. Similarly, a court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. See id.

As mentioned, in count one, plaintiffs contend that defendants violated Title VII, 42 U.S.C. § 1981, and Executive Order 11,246 in connection with plaintiffs' employment. In count two, plaintiffs contend that defendants are liable under North Carolina law for negligent supervision and retention of the employees who engaged in the alleged race discrimination described in count one.

Defendant Archer seeks to dismiss the Title VII claim in count one because Archer claims that it was never plaintiffs' "employer" and because there is no private right of action under Executive Order 11,246. See Def. Archer's Mem. 4–7. As for count two, Archer argues that, under North Carolina law, a claim of negligent supervision and retention cannot be premised on an underlying violation of Title VII or 42 U.S.C. § 1981. Id. at 8–9. Alternatively, Archer argues that plaintiffs failed to plead that Archer knew or had reason to know that Archer's employees were committing tortious acts. Id. at 9–10. Defendants FKI and Industry General seek to dismiss count two for the same reasons as defendant Archer. See Defs. FKI & Industry General's Mem. 4–6.

As for defendant Archer's arguments concerning count one, the court agrees that no private right of action is available to redress an alleged violation of Executive Order 11,246. See, e.g., Utley v. Varian Assocs., Inc., 811 F.2d 1279, 1286 (9th Cir. 1987) (collecting cases). Thus,

plaintiffs' claim in count one concerning an alleged violation of Executive Order 11,246 fails to state a claim upon which relief can be granted and is dismissed. Because plaintiffs cannot amend their complaint to cure the factual deficiency as to Executive Order 11,246, the claim is dismissed with prejudice. As for defendant Archer's argument that plaintiffs have failed to allege sufficiently that Archer was their "employer" under Title VII, the court disagrees. In light of the governing standard under Rule 12(b)(6), plaintiffs' allegations concerning Archer are sufficient to withstand that aspect of defendant Archer's motion to dismiss count one.

As for defendants' arguments concerning count two, in order to state a claim for negligent supervision and retention against an employer under North Carolina law, a plaintiff "must prove that the incompetent employee committed a tortious act resulting in injury to [the] plaintiff and that prior to the act, the employer knew or had reason to know of the employee's incompetency." Smith v. Privette, 128 N.C. App. 490, 494–95, 495 S.E.2d 395, 398 (1998) (quotation omitted); see Smith v. First Union Nat'l Bank, 202 F.3d 234, 249–50 (4th Cir. 2000). Plaintiffs argue that the alleged Title VII and section 1981 violations in count one constitute the requisite "tortious act" under North Carolina law and that defendants had knowledge of their employees' incompetency due to plaintiffs' complaints to defendants' supervisors and human resources staff. See Pl.'s Mem. in Supp. of Resp. in Opp. to Defs. FKI & Industry General's Mot. to Dismiss 5–6; Pl.'s Mem. in Supp. of Resp. in Opp. to Def. Archer's Mot. to Dismiss 6–7; cf. Compl. ¶¶ XV, XVI. Defendants disagree and argue that, under North Carolina law, the tort underlying a negligent supervision and retention claim must be a common-law tort, and that a violation of Title VII or 42 U.S.C. § 1981 does not qualify. See Def. Archer's Reply 6–7; Defs. FKI & Industry General's Reply 3–4.

No North Carolina appellate court has expressly addressed whether a violation of Title VII or 42 U.S.C. § 1981 qualifies as an underlying "tortious act" for a negligent supervision or retention

3

claim under North Carolina law. In Smith and in Hartsell v. Duplex Products, Inc., 123 F.3d 766 (4th Cir. 1997), the Fourth Circuit declined to decide the issue. Smith, 202 F.3d at 250 n.12; Hartsell, 123 F.3d at 774. In McLean v. Patten Communities, Inc., 332 F.3d 714 (4th Cir. 2003), the Fourth Circuit analyzed a case involving alleged racial discrimination and racial harassment under 42 U.S.C. § 1981, alleged harassment and retaliation on the basis of sex and race under N.C. Gen. Stat. § 143-422.2, a wrongful discharge claim under North Carolina law asserting that plaintiff was terminated in violation of North Carolina public policy due to her race and sex, and a claim of negligent retention and supervision under North Carolina law arising from alleged racial and sexual harassment. Id. at 716. The trial court had granted summary judgment to defendant on all claims. Id. at 718. The Fourth Circuit vacated and remanded the judgment as to plaintiff's section 1981 race discrimination and racial harassment claim and her North Carolina wrongful discharge claim. Id. at 719. The Fourth Circuit then interpreted North Carolina law and held that there was no private right of action under N.C. Gen. Stat. §143-422.2 for sexual harassment or retaliation; therefore, the court rejected the plaintiff's state-law sexual harassment and retaliation claim. Id. Finally, the Fourth Circuit held, over Judge Traxler's dissent, that North Carolina law required the tort underlying a negligent retention and supervision claim be a common-law tort, and that a violation of 42 U.S.C. § 1981 did not qualify. Compare id. at 719, with id. at 721–22 (Traxler, J., concurring and dissenting). Thus, the Fourth Circuit affirmed the district court's judgment dismissing the negligent retention and supervision claim. Id. at 719 (majority opinion).

To date, no North Carolina appellate court has addressed the Fourth Circuit's interpretation of North Carolina law in McLean or decided whether a violation of Title VII or 42 U.S.C. § 1981 may serve as a "tortious act" in a negligent supervision and retention claim. See, e.g., Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 547 n.10 (E.D.N.C. 2008). As for federal district

4

courts within North Carolina, the Middle District of North Carolina has held that a Title VII sexual harassment violation may serve as a "tortious act" under North Carolina law for purposes of a negligent supervision claim. See, e.g., Efird v. Riley, 342 F. Supp. 2d 413, 429–30 (M.D.N.C. 2004) (denying motion to dismiss under Rule 12(b)(6)); Barbier v. Durham County Bd. of Educ., 225 F. Supp. 2d 617, 629–30, 630 n.11 (M.D.N.C. 2002) (same). In Efird, however, the Middle District did not cite the Fourth Circuit's decision in McLean. Moreover, Barbier predated McLean. In contrast to the Middle District, the Western District of North Carolina concluded that in McLean the Fourth Circuit interpreted North Carolina law to not permit a negligent supervision claim arising from an alleged Title VII violation because such a violation was not a common-law tort. See Rathbone v. Haywood County, No. 1:08-CV-117, 2008 WL 2789770, at *3 (W.D.N.C. July 17, 2008) (unpublished). Thus, in light of the "binding precedent" in McLean, and despite the Western District's misgivings about the Fourth Circuit's interpretation of North Carolina law in McLean, the Western District of North Carolina dismissed plaintiff's negligent supervision claim arising from an alleged Title VII violation. Id.; see also Webb v. Starbucks Corp., No. 1:07cv271, 2008 WL 4891106, *12 (W.D.N.C. Nov. 12, 2008) (dismissing negligent retention claim for lack of underlying tort pursuant to McLean).

This court agrees that in McLean the Fourth Circuit interpreted North Carolina law to require a common-law tort to underly a negligent retention and supervision claim. Indeed, if a claim under 42 U.S.C. § 1981 were a sufficient "tortious act" under North Carolina law for a negligent retention and supervision claim, then the Fourth Circuit would have remanded the negligent retention and supervision claim in McLean. After all, in McLean, the plaintiff complained about both sexual harassment and racial harassment. See McLean, 332 F.3d at 716. The Fourth Circuit vacated and remanded only the racial harassment claim under section 1981 and the wrongful discharge claim

5

under North Carolina law. Id. at 721. The Fourth Circuit did not, however, vacate and remand the trial court's judgment as to the negligent retention and supervision claim. See id. Particularly in light of Judge Traxler's dissent, the Fourth Circuit concluded in McLean that North Carolina law requires a common-law tort to underly a negligent retention and supervision claim. See id. at 720–21 (Traxler, J., concurring and dissenting).

By definition, the alleged violations of Title VII and 42 U.S.C. § 1981 that plaintiffs describe in count one are not common-law torts. Although the Fourth Circuit's construction of North Carolina law is not binding precedent on North Carolina courts,[1] it is binding precedent on this court. See, e.g., Doe v. Charleston Area Med. Ctr., Inc., 529 F.2d 638, 642 (4th Cir. 1975); see also Hart v. Massanari, 266 F.3d 1155, 1171 (9th Cir. 2001); Zuniga v. United Can Co., 812 F.2d 443, 450 (9th Cir. 1987); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867 (3d Cir. 1984). Accordingly, due to the Fourth Circuit's interpretation of North Carolina law in McLean, the court grants defendants' motions to dismiss count two. Because plaintiffs might be able to amend their complaint to cure the deficiency as to count two, count two is dismissed without prejudice.

II.

In sum, defendant Archer's motion to dismiss [D.E. 22] is GRANTED in part and DENIED in part. Count one is DISMISSED WITH PREJUDICE to the extent that plaintiffs rely on Executive Order 11,246. Defendants' motions to dismiss [D.E. 22, 24] are GRANTED as to count two, and count two is DISMISSED WITHOUT PREJUDICE. Thus, the sole remaining claims in this action are plaintiffs' claims against defendants in count one under Title VII and 42 U.S.C. § 1981.

---

[1] See, e.g., Virmani v. Presbyterian Health Servs. Corp., 350 N.C. 449, 465, 515 S.E.2d 675, 686 (1999); State v. McDowell, 310 N.C. 61, 74, 310 S.E.2d 301, 310 (1984).

SO ORDERED. This 31 day of March 2009.

                                                                            JAMES C. DEVER III
                                                                            United States District Judge